```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
MICHELLE TENZER-FUCHS, on behalf of
herself and all others similarly situated,

                         Plaintiff,                **INITIAL CONFERENCE AND**
                                                         **CASE MANAGEMENT ORDER**

      - against -

                                                             CV 20-5708 (EK) (AKT)

VF JEANSWEAR, LP,

                        Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**      **INITIAL CONFERENCE:  DISCOVERY PLANNING**

      A.      **Conference Date:**      March 12, 2021 at 10:00 a.m.

      B.      **Conference Place:**     Courtroom 840
                                                 United States Federal Courthouse
                                                 100 Federal Plaza
                                                 Central Islip, New York.

      C.      **<u>Appearance in person, familiarity with the case and relevant rules required</u>**.
Counsel for each represented party must appear in person for the Initial Conference at the date and time indicated above.

      **PLEASE NOTE:  THE COURT REQUIRES THAT LEAD COUNSEL WHO WILL BE HANDLING THIS MATTER THROUGHOUT THE LITIGATION AND THROUGH TRIAL BE PRESENT FOR EACH AND EVERY APPEARANCE, CONFERENCE (including the INITIAL CONFERENCE), HEARING, ETC. AND BE FULLY FAMILIAR WITH THE FACTS AND PROCEDURAL HISTORY OF THE CASE**.  If lead counsel has a conflict for some reason, he/she must contact the Court by letter posted on ECF sufficiently in advance of the scheduled date to request a new date.  The Court expects counsel to have conferred with opposing counsel and to provide some suggested alternative dates when all counsel are available.

      If lead counsel (presumably a partner or supervising attorney) who is responsible for the case through trial wishes to have an associate appear at the Initial Conference (or a subsequent conference) prepared and ready to speak to the issues to be discussed at the conference, then counsel may do so with the understanding that lead counsel must also be present at each conference.

Any individual who is **representing herself or himself pro se** must also appear in person for the Initial Conference.

By the time of the conference, each attorney in the case is also expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Federal Rules of Civil Procedure 16, 26-37, as well as with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, and with my Individual Practices Rules which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf.

## II.     PROPOSED DISCOVERY PLAN

A.     **Meet and Confer**.  As soon as practicable, and in any event before the Initial Conference, the parties must meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f).  In any case where one side is proceeding pro se, the parties are not required to develop a discovery plan and discovery will be completed in incremental stages.  In that instance, the discovery plan will be discussed and implemented directly at the Initial Conference.

B.     **Initial Disclosures**.   At least two days prior to the Initial Conference scheduled above, each party must provide opposing counsel with its Initial Disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempt from such disclosure pursuant to Rule 26(a)(1)(E).  Pro Se litigants are exempt from this requirement.

C.     **Deadline for Electronic Filing of Joint Discovery Plan**.  No later than two business days before the Initial Conference, counsel for the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a Joint Proposed Discovery Plan.

D.     **Contents of the Joint Proposed Discovery Plan**.

General Requirements.  The Proposed Joint Discovery Plan should include any agreements the parties have reached regarding discovery, and must separately address each item listed in Rule 26(f)(3).  The parties are required, after meeting and conferring, to **complete the attached checklist as part of their discovery plan and to file it on ECF at least two days prior to the Initial Conference.**  In particular, the proposed discovery plan should address each of the following items:

1.     **Deadlines and Court Appearances**.  A sample Initial Case Management and Scheduling Order ("CMSO") is attached.  This Initial CMSO will reflect the scheduling of the first phase of discovery, up through the mandatory Discovery Status Conference with the Court.  The first page shows the schedule the Court will normally direct in the absence of reasons to conclude that a different schedule is warranted. A Final Case Management and

Scheduling Order will be entered at the Discovery Status Conference at the mid-point of the discovery period.

The goal is to complete discovery and assure that the case is ready for trial (without prejudice to any party's right to make a dispositive motion) in conjunction with the assigned District Judge's Rules. The parties are certainly free to build in any other intervening deadlines upon which they have agreed for certain activities. Once the Court has entered a schedule with the parties' input, **the discovery deadlines will be enforced and amended only for good cause.**

2. **Confidentiality**. With regard to the parties' preparation of the proposed discovery plan, counsel are also required to complete a preliminary discussion concerning whether a Stipulation and Order of Confidentiality may be needed in the case and to advise the Court accordingly (*e.g.*, medical records, proprietary information, certain types of financial records, intellectual property, personnel records, internal investigations, etc.).

3. **Electronically Stored Information ("ESI")**. Pursuant to Rule 26, the parties are also required to specifically address whether there is any electronically stored information ("ESI") which is relevant to the case. As part of the reporting of the parties' Rule 26(f) planning conference, counsel are directed to provide the Court with a summary of the preliminary discussion concerning (a) what relevant ESI is in the possession, custody or control of both sides, (b) what steps have been taken to comply with the respective party's preservation obligations; (c) any issues concerning accessibility to ESI; and (d) in what specific manner the parties intend to produce ESI.

4. **Potential Rule 30(b)(6) Witnesses**. Effective December 1, 2020, litigants are required to meet-and-confer in good faith to discuss the need for deposing a party or non-party corporate representative in the case. If so, counsel are expected to have had a preliminary discussion concerning the subject matters of such a deposition and who might be the appriate corporate representative(s) to testify as to those subject matters.

5. **Other Discovery Matters**: The proposed joint discovery plan should address the following, to the extent relevant:

a. changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

b. the number and types of expert witnesses each party anticipates;

c. whether there are any sources of discoverable material that warrant specific planning, such as medical (HIPAA releases) or employment records held by non-parties; and

3

              d.      whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

## III.    ELECTRONIC FILING AND CONTACT INFORMATION

      All filings by counsel must be submitted electronically pursuant to Administrative Order 2004-08. All attorneys working on the case are to be registered with the Court's ECF system and must file a Notice of Appearance in this action so that he or she will be personally notified of all filings. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

      Pro se litigants are not required to file documents electronically. The Clerk's Office will enter any papers submitted by pro se litigants into the Court's electronic docketing system.

                                                            **SO ORDERED.**

Dated: Central Islip, New York
       February 5, 2021

                                                     /s/ A. Kathleen Tomlinson
                                                     A. KATHLEEN TOMLINSON
                                                     U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
[Plaintiff],

                      Plaintiff(s),          **[SAMPLE] INITIAL CASE MANAGEMENT AND SCHEDULING ORDER**

     -against-                            [CV #]  ([USDJ's Initials]) (AKT)

[Defendant],

                      Defendant(s).

---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | [Initial Conference ("IC") Date] |
| First request for production of documents and first request for interrogatories due by: | [IC Date + 35 days] |
| Responses to first request for production of documents and first set of interrogatories due by: | [IC Date + 79 days] |
| Deadline for joinder of additional parties and amendment of pleadings: | [IC Date + 91 days] |
| <u>Status Conference</u>: | [IC Date + 140 days], at [TIME] |

II. **CHECKLIST TO BE COMPLETED BY THE PARTIES AND RETURNED WITH THE RULE 26(f) DISCOVERY PLAN**:

    A.    <u>Initial Disclosures</u>: Counsel confirm that the Initial Disclosures have been served:

        Plaintiff:                      Defendant:

        ☐ Yes      ☐ No           ☐ Yes      ☐ No

    B.    <u>Stipulation and Order of Confidentiality</u>: Counsel confirm that they have consulted in good faith regarding the need for such an order:

        ☐ Yes         ☐ No

        Based on that consultation, counsel find that a Stipulation and Order of Confidentiality is:

        ☐ Needed      ☐ Not needed

    C.    <u>Electronically Stored Information ("ESI")</u>: Counsel confirm that they have met and conferred regarding the existence of any relevant ESI on both sides:

        ☐ Yes         ☐ No

        The parties have had some preliminary discussion about the type of ESI which is in their clients' respective possession or control and how they wish to have such ESI produced:

        ☐ Yes         ☐ No

        Based on those discussions, counsel are advising the Court that the relevant ESI consists of

        1.    _____

        2.    _____

        3.    _____

        4.    _____

        5.    _____

    D.    <u>Rule 30(b)(6) Witnesses</u>:

2

Is either side requesting information from and the deposition of a party's corporate representative?

Plaintiff:                                          Defendant:

☐  Yes        ☐  No                    ☐  Yes        ☐  No

Is either side anticipating the need for a Rule 30(b)(6) deposition of a non-party?

Plaintiff:                                          Defendant:

☐  Yes        ☐  No                    ☐  Yes        ☐  No

Have the parties met and conferred in good faith to discuss the potential need for Rule 30(b)(6) depositions?

E.  HIPAA Release Authorizations:  Counsel are to confirm that such authorizations for this case are:

☐  Needed        ☐  Not Needed

**SO ORDERED:**

Dated: Central Islip, New York

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge

3